H. EUGENE BOYD AND EDRIS M. BOYD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36894. Promulgated November 28, 1952.

*Gordon Davis, Esq.*, and *Olin W. Zeanah, Esq.*, for the petitioners.
*S. Earl Heilman, Esq.*, for the respondent.

**364**

OPINION.

ARUNDELL, *Judge:* The first issue arises from the respondent's action in taxing to petitioner the rentals paid by the Tower partnership to Holman for the use of the lumberyard. The theory seems to be that the contract of purchase whereby Boyd was to acquire the lumberyard from Holman was a completed transaction that served to put Boyd in possession of the property in his own right and thereby made him the equitable owner of the property so that any income from the use of the property became the income of Boyd.

While money paid for the use of property, which money in fact is applied on the purchase price thereof, may not ordinarily be deducted as a rental, *Chicago Stoker Corporation*, 14 T. C. 441, it is quite another thing to include in the taxable income of a purchaser of property the very money he is paying to the seller for the acquisition of the property. It is equally difficult to see how money paid by a third person, namely, Harper, can be considered as income to Boyd, when, in fact, it was paid to Holman, and Harper was in nowise a party to the Boyd and Holman contract.

But, even if the Tower partnership is treated as a separate entity, we again have the problem of treating the rental paid to Holman as income of Boyd, for the Tower partnership was in nowise a party to the purchase of the property, and the fact that Holman may have agreed to apply this rental on the purchase price may have resulted in no more than a reduction of the purchase price.

But, more important, we do not think the facts warrant treating the contract between Holman and Boyd as other than an executory contract and not a contract of sale whereby the possession and equitable title to the property passed to Boyd. The contract of purchase was never complied with and was allowed to lapse. The only possession Boyd had of the property was by reason of the lease. Harper and Boyd continued to pay the rentals to Holman. The contract of purchase was never carried out, the property remained Holman's,

the rentals were retained by him, and Boyd never acquired any of the so called payments and under the contract could not have recovered any of them. The rentals were never either actually or constructively received by Boyd and he should not be taxed on them. On this issue the petitioner is sustained.

The second issue arises from the respondent's treatment of the transaction whereby the Tower partnership went out of business and a new partnership was formed as one where there was a sale by Tower of its assets to a new partnership known as the Albert Holman Lumber Company. We think the facts do not justify this conclusion. Harper, a member of the Tower partnership, wanted to retire and new interests bought him out. The resulting profit and tax from this transaction is not in dispute. Boyd wanted to, and did, continue in the new partnership, and a part of the assets in Tower went over to the Albert Holman Lumber Company as Boyd's contribution to the new partnership. Incident to the transaction, he disposed of 15 per cent of the 50 per cent he formerly held in Tower to the persons named in our findings. Boyd's interest in the new partnership was 35 per cent.

The respondent's determination, in effect, treats a contribution of property to the capital of a partnership as a sale in which the interest in the partnership is treated as a price received for the property. We think there is no support in law for this position. Cf. sec. 113 (a) (13), Internal Revenue Code, Regulations 111, sec. 29.113 (a) (13)–1. On this issue the petitioner should prevail.

There remains the question of the application of the negligence penalty imposed for the years 1944 and 1945. The only adjustment for the year 1944, other than an issue determined in petitioner's favor, is the addition of $5.22 to income, which adjustment was not disputed. In the circumstances, we are of the opinion that there was no negligence or intentional disregard of rules and regulations in this omission which would warrant the imposition of the 5 per cent negligence penalty for the year 1944.

Although we have decided the major issue for the year 1945 in favor of the petitioner, there are other adjustments that gave rise to the deficiency which the petitioner does not dispute or attempt to explain. In view of the fact that the negligence penalty applies even if only part of the deficiency is due to negligence, we think, in the circumstances here present, that the respondent's determination of the 5 per cent negligence penalty must be sustained.

*Decision will be entered under Rule 50.*